**Robert K. Meyer, OSB No. 086470**
robert@oregonworkplacelaw.com
**Michael Owens, OSB No. 104720**
mike@oregonworkplacelaw.com
MEYER EMPLOYMENT LAW
1000 SW Broadway Ste 2300
Portland, OR 97205
Voice: (503) 567-5101
Fax: (503) 512-5022

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Eugene Division

| | |
|---|---|
| **CHRISTOPHER RAMPLEY**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF NEWPORT**, an Oregon municipality, <br><br> Defendant. | Case No. 6:24-cv-00708 <br><br> **COMPLAINT** <br><br> 42 U.S.C. §§ 12112 and 12203, ORS 659A.040, ORS 659A.043, ORS 659A.046, ORS 659A.112(1)-(2), ORS 659A.109 <br><br> **Demand for Jury Trial** |

Christopher Rampley ("Plaintiff"), through his counsel, makes the following complaint against Defendant City of Newport (the "City" or "Defendant").

**PARTIES, JURISDICTION & VENUE**

1.

Plaintiff is an individual who resides in the District of Oregon.

Page 1    **COMPLAINT**

MEYER EMPLOYMENT LAW
1000 SW BROADWAY ST STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

2.

Defendant City of Newport is a city government incorporated under the laws of the State of Oregon and is located in Lincoln County, Oregon. The City is responsible for ensuring that all its facilities, systems and departments, including the Newport Fire Department ("NFD" or the "Department"), comply with federal and state discrimination laws. The City is liable for the tortious conduct of its agents and employees pursuant to ORS 30.265(1).

3.

This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under 42 U.S.C. §§ 12112 and 12203. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as claims asserted under the laws of the State of Oregon form part of the same case and controversy.

4.

This Court is the appropriate venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this action occurred in the District of Oregon, Eugene Division.

**FACTUAL ALLEGATIONS**

5.

Plaintiff was hired by the City to work as a firefighter for the NFD on or around July 1, 2008.

6.

On or around April 17, 2022, Plaintiff was at work at the Main Station of the Department in Newport when he began experiencing severe heart pain that he believed to be a heart attack. Plaintiff was taken to the emergency room where he was diagnosed with a serious heart condition.

MEYER EMPLOYMENT LAW
1000 SW BROADWAY ST STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

7.

On or around April 21, 2022, Plaintiff filed a worker's compensation claim for his heart condition. Plaintiff's condition constitutes a disability which significantly impacts one or more major life activities, including the operation of Plaintiff's circulatory functions.

8.

On or around May 22, 2022, Defendant reassigned Plaintiff to work as a fire inspector 40 hours a week to accommodate his heart condition.

9.

Plaintiff notified the chief of the NFD, Robert Murphy ("Murphy"), that he had a heart surgery scheduled in October 2022.

10.

In or around June 2023, Plaintiff's workers compensation claim was settled and closed.

11.

On or around June 30, 2023, Plaintiff had a meeting with Murphy and City Manager Spencer Nebel ("Nebel") at Nebel's office at Newport City Hall. Nebel informed Plaintiff that Defendant would no longer accommodate Plaintiff's disability by allowing him to work as a fire inspector.

12.

On or around June of 2023, a medical evaluation determined that Plaintiff was unable to return to his position on the fire engine. Despite Defendant having multiple open positions, Nebel and Murphy failed to discuss any alternative options or reasonable accommodations with Plaintiff.

MEYER EMPLOYMENT LAW
1000 SW BROADWAY ST STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

13.

On or around July 13, 2023, Defendant terminated Plaintiff's employment. Plaintiff received his termination letter via email.

14.

On or around November 22, 2023, Plaintiff's counsel sent the City a Tort Claims Notice pursuant to ORS 30.275, describing the facts and circumstances of Plaintiff's claims, as well as his intent to seek monetary damages.

## CLAIMS FOR RELIEF

### Count One
### 42 U.S.C. § 12112
### ADA Disability Discrimination / Failure to Accommodate

15.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

16.

The ADA, through 42 U.S.C. § 12112, prohibits discrimination again a qualified individual on the basis of disability. Such discrimination includes, among other prohibited acts, failure to make reasonable accommodations for an individual's known physical or mental limitations.

17.

Plaintiff is a "qualified individual" with a "disability" as those terms are defined in 42 U.S.C. §§ 12102 and 12111.

18.

Defendant violated 42 U.S.C. § 12112 through, without limitation, the following actions: (1) Defendant failed to engage in the interactive process to determine reasonable accommodations

MEYER EMPLOYMENT LAW
1000 SW BROADWAY ST STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

for Plaintiff's disabilities; and (2) Defendant discharged Plaintiff and/or denied Plaintiff employment opportunities based on Plaintiff's disabilities or Defendant's need to make accommodations.

### Count Two
### 42 U.S.C. § 12203
### ADA Disability Retaliation

19.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

20.

The ADA, through 42 U.S.C. § 12203, prohibits retaliation against or interference with an individual who invokes employment rights under the ADA or who files a charge or complaint of disability discrimination.

21.

Defendant violated 42 U.S.C. § 12203 through, without limitation, the following actions: (1) Defendant discharged Plaintiff and/or deprived Plaintiff of employment opportunities based in whole or in part on Plaintiff's request for disability accommodations; and (2) Defendant denied employment opportunities to Plaintiff based on his filing of complaints.

### Count Three
### ORS 659A.040
### Workers' Compensation Discrimination/Retaliation

22.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

MEYER EMPLOYMENT LAW
1000 SW BROADWAY ST STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

23.

ORS 659A.040(1) prohibits discrimination against an employee with respect to hire or tenure or any term or condition of employment because an employee has applied for benefits under or invoked the protections of Oregon's workers' compensation system.

24.

At all material times, Defendant employed six or more persons.

25.

Defendant's actions violated ORS 659A.040(1) by taking adverse action, including termination, against Plaintiff based on Plaintiff's use of the worker's compensation system.

### Count Four
### ORS 659A.043, 659A.046
### Workers' Compensation Failure to Reinstate/Reemploy

26.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

27.

ORS 659A.043 requires reinstatement of a worker with a compensable workplace injury upon demand by the employee if the employee is not disabled from performing the duties of the employee's original position. ORS 659A.046 requires reemployment in another available, suitable position if the employee is disabled from performing the employee's original position.

28.

At all material times Defendant employed 20 or more persons.

MEYER EMPLOYMENT LAW
1000 SW BROADWAY ST STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

29.

Defendant's actions violated ORS 659A.043, or in the alternative, ORS 659A.046, by, without limitation, failing to place Plaintiff in suitable, available employment once Plaintiff sought such placement.

**Count Five**
**ORS 659A.112**
**Oregon ADA Disability Discrimination / Failure to Accommodate**

30.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

31.

ORS 659A.112 prohibits discrimination on the basis of a disability. Such discrimination includes, among other prohibited acts, failure to make reasonable accommodations for an individual's known physical or mental limitations.

32.

At all material times, Plaintiff had a disability as defined by ORS 659A.104. Despite Plaintiff's disability, Plaintiff could perform the essential functions of Plaintiff's job, with or without accommodation.

33.

Defendant's actions violated ORS 659A.112 through, without limitation, without limitation, the following actions: (1) Defendant failed to engage in the interactive process to determine reasonable accommodations for Plaintiff's disabilities; and (2) Defendant discharged Plaintiff and/or denied Plaintiff employment opportunities based on Plaintiff's disabilities or Defendant's need to make accommodations.

Page 7  **COMPLAINT**

MEYER EMPLOYMENT LAW
1000 SW BROADWAY ST STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

## Count Six
## ORS 659A.109
## Oregon ADA Retaliation for Invoking Disability-Related Rights

34.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

35.

ORS 659A.109 prohibits discrimination against an employee who invokes the disability-related protections contained in ORS 659A.103 to ORS 659A.145, including by requesting a reasonable disability accommodation.

36.

Defendant violated 659A.109 through, without limitation, the following actions: (1) Defendant discharged Plaintiff and/or deprived Plaintiff of employment opportunities based in whole or in part on Plaintiff's request for disability accommodations; and (2) Defendant denied employment opportunities to Plaintiff based on his filing of complaints.

**DEMAND FOR JURY TRIAL**

37.

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

**PRAYER FOR RELIEF**

38.

Based on the above, Plaintiff requests the following judgments against and relief from Defendant:

(a) Judgment for Plaintiff on all claims;

(b) Judgment against Defendant, in an amount to be determined at trial for economic damages;

(c) Judgment against Defendant, in an amount to be determined at trial, for noneconomic and other compensatory damages, including pain, suffering, and mental distress;

(d) Judgment against Defendant, in an amount to be determined at trial, for punitive damages;

(e) Appropriate equitable relief, including an injunction enjoining Defendant from engaging in any employment practice which discriminates on the bases as alleged in this Complaint;

(f) Pre-judgment and post-judgment interest as appropriate and allowed by law;

(g) Judgment against Defendant for costs, disbursements, and reasonable attorney fees on every claim for which such judgment is available, and specifically pursuant to 42 U.S.C. §§ 1981a, 1988(b), and 12117(a), and ORS 659A.885 and 20.107.

(h) On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages or other amounts over the applicable time frame; and

(i) All such other relief as the Court may deem proper.

DATED: April 25, 2024

Respectfully Submitted:

MEYER EMPLOYMENT LAW

*s/Michael Owens*
Michael Owens, OSB No. 104720
mike@oregonworkplacelaw.com

*Attorneys for Plaintiff*

Page 9    **COMPLAINT**

MEYER EMPLOYMENT LAW
1000 SW BROADWAY ST STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022